JERRY S. BUSBY
Nevada Bar #001107
TY M. MAYNARICH
Nevada Bar #014584
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
tmaynarich@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELISABETE SANTOS, LUIZ SANTOS,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., STARBUCKS CORPORATION and Does I through V, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00376-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(FIRST REQUEST)** |

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order must… be supported by a showing of good cause for the extension"). The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery. SMITH'S is working to obtain medical records, as well as medical records from Plaintiff's previous providers for treatment related to the subject incident. With expert deadlines pending, SMITH'S was recently served with written discovery and has yet to respond. This is the first such Stipulation sought by the Parties.

**IT IS HEREBY STIPULATED** by and between Plaintiffs ELISABETE SANTOS and LUIZ SANTOS (hereinafter "Plaintiffs"), by and through her counsel of record, LAURENCE SPRINGBERG, ESQ. of the law firm of SPRINGBERG LAW FIRM, and Defendant SMITH'S FOOD & DRUG

NG-C2N3CBX6 4887-0089-3140.1

1  CENTERS, INC. (hereinafter "SMITH'S"), by and through its counsel of record, JERRY S. BUSBY,
2  ESQ. and TY M. MAYNARICH, ESQ. of the law firm of COOPER LEVENSON, P.A., that all
3  deadlines be extended by sixty (60) days, as set forth below, to allow the Parties to complete necessary
4  discovery prior to trial.

**I.   STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- Plaintiff has served her FRCP 26(a)(1) initial disclosure statement and one supplement thereto.
- SMITH'S has served its FRCP 26(a)(1) initial disclosure statement.
- SMITH'S propounded written discovery requests upon Plaintiff pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Plaintiffs have propounded written discovery requests upon Defendant pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Plaintiffs' responded to SMITH'S propounded written discovery requests.
- The Parties have been collecting Plaintiffs' relevant medical records.
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

**II.   SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties have yet to complete the following discovery:

- The Parties continue to collect Plaintiffs' relevant medical records.
- Plaintiffs will take the depositions of percipient employee witnesses of SMITH'S.
- SMITH'S will take the deposition of Plaintiffs.
- Plaintiffs will take the deposition of SMITH'S Fed. R. Civ. P. 30(b)(6) representative(s).
- The Parties intend to retain and designate initial and rebuttal expert witnesses.
- The Parties intend to conduct a site inspection of the area where the subject incident occurred.
- The Parties intend to conduct the depositions of Plaintiff's key medical providers.
- The Parties intend to conduct the depositions of all disclosed expert witnesses.
- SMITH'S will assess the need for and request a Fed. R. Civ. P. 35 examination of Plaintiffs.
- The Parties will assess the need for and, if appropriate, propound additional written discovery

requests.

- The Parties intend to serve supplemental responses to written discovery.
- The Parties will assess the need for additional discovery and conduct same accordingly.

### III.     REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Since the commencement of discovery, the Parties have been working amicably together to gather relevant documents, issue necessary discovery, and depose necessary parties and witnesses. The Parties have worked in good faith to avoid disruption to the applicable Discovery Plan and Scheduling Order issued by this Court but SMITH'S cannot evaluate the need for retention of experts without Plaintiffs deposition testimony. Due to the aforementioned issues, the Parties respectfully request an additional sixty (60) days to complete adequate and vital discovery to prepare for trial.

### IV.     PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued sixty (60) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended sixty (60) days from its present deadline of October 21, 2024, to **December 20, 2024**.

2. **Amending the Pleadings and Adding Parties**: The Parties do not request an extension of this date.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended sixty (60) days from its present deadline of August 22, 2024, to **October 21, 2024**; and the rebuttal expert disclosure deadline be extended sixty-one (61) days from its present deadline of September 23, 2024, to **November 22 2024**.

4. **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended sixty-two (62) days from its present deadline of November 20, 2024, to **January 21, 2025**.

5. **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for December 20, 2024, be extended sixty (60) days to **February 18, 2025**.

In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7. **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

8. **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and, at present, do not consent to either alternative form of case disposition.

9. **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

///

///

///

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

Respectfully submitted this 1st day of August, 2024.

| SPRINGBERG LAW FIRM | COOPER LEVENSON, P.A. |
|---|---|
| /s/ Laurence Springberg<br>LAURENCE SPRINGBERG, ESQ.<br>Nevada Bar No. 000188<br>801 South Rancho Blvd., Suite E8<br>Las Vegas, NV 89106-3812<br>(702) 731-9222<br>Attorneys for Plaintiffs<br>ELISABETE SANTOS and LUIZ SANTOS | /s/ Ty M. Maynarich<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 001107<br>TY M. MAYNARICH, ESQ.<br>Nevada Bar No. 014584<br>3016 West Charleston Boulevard - #195<br>Las Vegas, Nevada 89102<br>(702) 366-1125<br>Attorneys for Defendant<br>SMITH'S FOOD & DRUG CENTERS, INC. |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 2, 2024

NG-C2N3CBX6 4887-0089-3140.1
4887-0089-3140, v. 1