JERRY S. BUSBY
Nevada Bar #001107
SCOTT L. STONEHOCKER
Nevada Bar #005512
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
sstonehocker@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELISABETE SANTOS, LUIZ SANTOS,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., STARBUCKS CORPORATION and Does I through V, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00376-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(SECOND REQUEST)** |

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order must… be supported by a showing of good cause for the extension"). The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery. SMITH'S is working to schedule the depositions of Plaintiff's key medical providers. This is the second such Stipulation sought by the Parties.

**IT IS HEREBY STIPULATED** by and between Plaintiffs ELISABETE SANTOS and LUIZ SANTOS (hereinafter "Plaintiffs"), by and through her counsel of record, LAURENCE SPRINGBERG, ESQ. of the law firm of SPRINGBERG LAW FIRM, and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by and through its counsel of record, JERRY S. BUSBY, ESQ. and SCOTT L. STONEHOCKER, ESQ. of the law firm of COOPER LEVENSON, P.A., that all deadlines be extended by sixty (60) days, as set forth below, to allow the Parties to complete necessary

discovery prior to trial.

I.  **STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- Plaintiff has served her FRCP 26(a)(1) initial disclosure statement and one supplement thereto.
- SMITH'S has served its FRCP 26(a)(1) initial disclosure statement.
- SMITH'S propounded written discovery requests upon Plaintiff pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Plaintiffs have propounded written discovery requests upon Defendant pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Plaintiffs' responded to SMITH'S propounded written discovery requests.
- SMITH'S responded to Plaintiffs' propounded written discovery requests.
- The Parties have been collecting Plaintiffs' relevant medical records.
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.
- SMITH'S took the deposition of Plaintiff, ELISABETE SANTOS, on August 26, 2024.
- SMITH'S took the deposition of Plaintiff, LUIZ SANTOS, on August 26, 2024.
- Plaintiff conducted a site inspection of the area where the subject incident occurred on December 2, 2024.

II.  **SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties have yet to complete the following discovery:

- Plaintiffs will take the deposition of SMITH'S Fed. R. Civ. P. 30(b)(6) representative(s).
- The Parties intend to conduct the depositions of Plaintiff's key medical providers.
- The Parties will assess the need for and, if appropriate, propound additional written discovery requests.
- The Parties intend to serve supplemental responses to written discovery.
- The Parties will assess the need for additional discovery and conduct same accordingly.

///

///

NG-C2N3CBX6 4913-9158-9128.1

### III. REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Counsel for Defendant has had a number of conflicts which delayed their ability to conclude discovery. First, the primary attorney handling this case, Ty Maynarich, unexpectedly stopped working for the firm of Cooper Levenson at the end of September 2024. Around the time of Mr. Maynarich, Jerry Busby of the firm Cooper Levenson, who will be trial counsel for this case, was involved in two federal court trials which did not allow him to immediately step in and take over discovery in this case. Specifically, the two trials involving Mr. Busby are listed below:

1. Golia-Huffman v. Smith's Food & Drug Centers, Inc. Case No. 2:21-cv-01260-APG-EJY; and
2. Sinclair-Lewis v. Smith's Food & Drug Centers, Inc., Case No. 2:20-cv-02063-MMD-MDC (in which counsel is currently in the process of preparing and submitting closing argument briefs to the Court).

Due to the aforementioned issues, the Parties respectfully request an additional sixty (60) days to complete adequate and vital discovery to prepare for trial.

As an overview, stipulations to extend discovery must be supported by good cause for the extension. Local R. 26-3. A request made within 21 days of the expiration of a deadline that the Parties seek to extend must also be supported by a showing of good cause. *Id*. To establish good cause, the Court looks to the diligence of the party that seeks the extension. *See Safeco Ins. Co. of Am. v. Air Vent, Inc.*, Case No. 2:20-cv-1579, 2021 U.S. Dist. LEXIS 95692, at *1 (D. Nev. May 19, 2021) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)). Good cause is present if the deadline at issue "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued sixty (60) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended sixty (60) days from its present deadline of December 20, 2024 to **February 18, 2025.**

///

2. **Amending the Pleadings and Adding Parties**: The Parties do not request an extension of this date.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties acknowledge that the dates for expert disclosure have passed. As such, the Parties do not seek to extend this deadline. The Parties acknowledge that the dates for rebuttal expert disclosure has passed. As such, the Parties do not seek to extend this deadline.

4. **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended sixty-two (62) days from its present deadline of January 21, 2025 to **March 24, 2025**.

5. **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for February 18, 2025, be extended sixty-two (62) days to **April 21, 2025**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7. **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

8. **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and, at present, do not consent to either alternative form of case disposition.

///

NG-C2N3CBX6 4913-9158-9128.1

9. **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

Respectfully submitted this 19th day of December, 2024.

| SPRINGBERG LAW FIRM | COOPER LEVENSON, P.A. |
|---|---|
| /s/ *Laurence Springberg* | /s/ *Scott L. Stonehocker* |
| LAURENCE SPRINGBERG, ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar No. 000188 | Nevada Bar No. 001107 |
| 801 South Rancho Blvd., Suite E8 | SCOTT L. STONEHOCKER, ESQ. |
| Las Vegas, NV 89106-3812 | Nevada Bar No. 005512 |
| (702) 731-9222 | 3016 West Charleston Boulevard - #195 |
| Attorneys for Plaintiffs | Las Vegas, Nevada 89102 |
| ELISABETE SANTOS and LUIZ SANTOS | (702) 366-1125 |
| | Attorneys for Defendant |
| | SMITH'S FOOD & DRUG CENTERS, INC. |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 20, 2024

5

NG-C2N3CBX6 4913-9158-9128.1